*Carter,* for appellant.

---

## JAMES GARVIN'S EXOR. *v.* WILLIAM GARVIN.

**Wills—Codicil—Effect on Prior Bequest.**

> Although a codicil to a will may operate constructively to revoke a former bequest, to authorize such construction, the intention of the testator to give the last legacy in lieu of the first must be fairly deducible from the testamentary writing itself.

**Same.**

> A bequest to a brother of $5,000 to be given by him to some charitable purpose, and a codicil which gives to said brother one-eighth of the entire estate, examined and held not to be inconsistent in that both payments should be made out of the estate.

### APPEAL FROM LOUISVILLE CHANCERY COURT

#### September 26, 1867.

The 22nd clause of the will which is referred to in the opinion is as follows:

"As my brother, William Garvin, has requested that I should not leave any legacy to him, and as he and his family do not stand in need of it, at his request, I have omitted any provisions for his benefit, but as a substitute therefor, and as a testimonial of my warm and sincere affection for him and his family, I bequeath to my said brother, William Garvin, the sum of $5,000 to be bestowed by him upon such religious or charitable objects as he may see fit. I leave it to him absolutely knowing that he will use it for the best purposes; and I desire in this connection to convey to his wife and children the strongest expression of my dying love."

On the day following the execution of the will, the testator made a codicil to his will, and gives his reason for it thus: "I have con-

cluded to change and modify my said will, in reference to my brother, William Garvin, and I do this because I am unwilling to make the distinction between him and my other relatives, which is done by my said will." "With this view, I do hereby alter and change my said last will.and testament in this respect." "I give, bequeath and devise the one-eighth part of my estate, real, personal and mixed, subject to the legacies provided for in my said will, to my brother, William Garvin, absolutely, to him and his heirs and assigns; and I direct my said executors, to pay, give and convey to my said brother, William Garvin, the one-eighth part of my said residuary estate, after the payment of the said legacies, so soon as they shall have made the division of my said residuary estate according to the terms and provisions of my said last will and testament, and I also hereby will and direct that my said executors shall pay to my brother, William Garvin, the one-eighth part of the income, rents, issues and profits of my residuary estate, up to the time at which they shall make the said division of my said residuary estate." "It being my intention to give to my brother, William Garvin, the one-eighth part of my residuary estate absolutely, and should any of my brothers or sisters die without lawful issue, then I will and direct that my said brother, William Garvin, shall be entitled to and receive his relative share of the share or portion set apart for said decedent. I therefore direct my executors to divide my said residuary estate into eight parts instead of seven, or into so many parts as may be necessary, including my brother, William Garvin, in the number of those who are to take one share or part." "I will and direct that my said executors shall carry out my said last will and testament in all other respects as is therein provided, it being only altered or modified so as to give my said brother, William Garvin, one share absolutely."

OPINION OF THE COURT BY JUDGE HARDIN:

Although it is true, as insisted for the appellant, that a second bequest in a will or codicil thereto may operate constructively to revoke a former one without an express statement in the will or codicil that such was the testator's intention, yet to authorize such a construction, the intention of the testator to give the last legacy in lieu of the first must be fairly deducible from the testamentary

writing itself. There does not seem to be any such inconsistency between the the intention as expressed in the 22d clause of the will of Jams Garvin, to appropriate $5,000 to be bestowed by William Garvin "upon such religious or charitable objects as he may see fit," and the subsequent provision for him as one of the residuary devisees, nor is the latter provision accompanied by any such qualifying or explanatory words, as would be sufficient in our opinion to work a revocation of the bequest of $5,000, made as it was for peculiar reasons for objects and purposes not individually beneficial to William Garvin. And as the judgment of the court below conforms to our construction of the will, the same is affirmed.

*W. F. Barrett, W. R. Thompson, for appellant.*

*Gazlay, for appellee.*